IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LUIS ROSA,  :
        Plaintiff,  :
        :
v.  :  No. 1:19-CV-1452-SHR
        :
COMMONWEALTH OF  :
PENNSYLVANIA, DEPARTMENT :
OF CORRECTIONS,  :
        :
        Defendant.  :  Electronically filed

**FIRST AMENDED COMPLAINT**

Now comes the Plaintiff, Luis Rosa, by and through his attorney, Ronald T. Tomasko, Esquire of Tomasko & Koranda, P.C., and files the following Amended Complaint.

### I. JURISDICTION

1. This action is authorized, initiated, founded upon, and arises under the provisions of federal law, particularly Title VII of the Civil Rights Act of 1964, as amended, specifically 42 U.S.C. §§ 2000e-2(a) and 3(a). Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202.

2. The jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343; 42 U.S.C. §§ 2000e-2(a) and 3(a).

3. The violations of Plaintiff's rights as alleged herein were committed within the Middle District of Pennsylvania.

II. **PARTIES**

4. Plaintiff is an adult male individual who resides at 2310 Scarsborough Drive, Harrisburg, PA 17112.

5. Defendant Commonwealth of Pennsylvania, Department of Corrections (hereinafter "Department") is a Department of the Commonwealth of Pennsylvania.

6. Defendant employs more than 1000 individuals.

7. At all times material hereto the Defendant was, and is, engaged in an industry which engages in interstate commerce.

III. **ADMINISTRATIVE PREREQUISITES**

8. Plaintiff timely filed a Complaint with the Equal Employment Opportunity Commission (EEOC) on December 15, 2018, alleging unlawful discrimination on account, inter alia, of race and retaliation.

9. The EEOC sent the Plaintiff a Notice of Right to Sue dated May 23, 2019.

10. Plaintiff filed a second Complaint with the Equal Employment Opportunity Commission (EEOC) on November 30, 2019, alleging a further act of retaliation.

11. The EEOC sent the Plaintiff a second Notice to Right to Sue dated March 16, 2020.

## IV. EQUITABLE RELIEF

12. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs herein alleged in this suit and declaratory and injunctive relief is his only means of securing adequate relief.

## V. JURY TRIAL DEMAND

13. Plaintiff demands a trial by jury in this matter.

## VI. FACTUAL ALLEGATIONS

14. Plaintiff is a citizen of the United States of America.

15. Plaintiff is of the Hispanic or Latino race.

16. Plaintiff is, by virtue of his race, a member of a physiognomically distinct class of people based upon racial and physical appearance characteristics.

17. In 2018, Plaintiff was employed by Defendant as Deputy Secretary for Reentry; previously he held the title of Director of Reentry and Quality Assurance.

18. In early 2018, in his capacity as Deputy Secretary for Reentry, he was present for a "sexual harassment training" at which the Secretary of Corrections, John Wetzel, made or otherwise endorsed vile and inappropriate statements regarding female employees of the Defendant and, being in a leadership position, the Defendant confronted him at that time regarding those statements.

19. At all times material hereto, Plaintiff was qualified to be Deputy Secretary of Reentry.

20. At all times material hereto, Plaintiff performed his work for the Defendant in a good, professional, competent, and workmanlike manner.

21. On April 25, 2018, Plaintiff learned of the termination of his employment by way of correspondence signed by Ty Stanton, Public Safety Human Relations Manager.

22. Plaintiff was purportedly terminated due to Secretary Wetzel wanting "changes in leadership."

23. The reason stated by the Defendant for termination of Plaintiffs employment was pretextual on account of Plaintiff's race, color and national origin and/or retaliatory.

24. The termination of Plaintiff's employment by the Defendant was on account of the Plaintiff's race and/or in retaliation for complaining about the statements made or endorsed by Secretary Wetzel.

25. Defendant treated persons of a different race than the Plaintiff more favorably than the Plaintiff.

26. Plaintiff's job performance as Deputy Secretary for Reentry was, by any objective measure, exemplary.

27. Other supervisory employees of Defendant of other races who committed serious policy violations were not terminated from employment.

28. Even after Plaintiff's termination, the Defendant has and continues to retaliate against the Plaintiff by thwarting his efforts to obtain other employment with state government by advising prospective employers within state government that the Plaintiff was "under investigation" for policy violations at the time of his termination.

29. As a result of the actions and omissions of Defendant, Plaintiff has suffered discrimination in his employment on account of his race and in retaliation for the Plaintiff questioning sexually harassing remarks made or endorsed by Secretary Wetzel.

30. The actions and omissions of the Defendant have been outrageous, extremely offensive, intentional and discriminatory and

retaliatory against the Plaintiff on a continuing basis and have been performed with malicious and reckless indifference to Plaintiff's rights.

### VII. CAUSE OF ACTION

**CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000e-2(a), 3(a)**
**Termination on Account of National Origin and/or Retaliation**

31. Paragraph 1 through 28 of this Complaint are incorporated herein by reference as though set forth in full.

32. The actions described herein were in violation of the civil rights of the Plaintiff, occurred during the Plaintiff's employment with the Defendant and were carried out by the Defendants and its agents, servants, and employees.

33. The actions described herein in violation of the civil rights of the Plaintiff were committed by the Defendant because of the Plaintiff's race and/or retaliation for questioning the sexually harassing statements made or endorsed by Secretary Wetzel.

WHEREFORE, the Plaintiff demands judgment in his favor and against the Defendant and prays:

a) That this Court declare that the practices in which the Defendant has engaged are discriminatory and in violation of Title VII of the Civil Rights Act of 1964;

b) That this Court order the Defendant to pay the Plaintiff back pay.

c) That this Court order the Defendant to reinstate the Plaintiff to his former position or, in the alternative, pay the Plaintiff front pay.

d) That this Court permanently enjoin the Defendant from engaging in discrimination against its employees on account of their race.

e) That this Court permanently enjoin the Defendant from discriminating against it employees on the basis of retaliation for questioning sexually harassing remarks.

f) That this Court order the Defendant to pay to Plaintiff compensatory damages.

g) That this Court order the Defendant to pay to the Plaintiff punitive damages.

h) That this Court order the Defendant to pay to the Plaintiff reasonable attorney's fees and the costs of this action.

i) This Court enter a money judgment, awarding Plaintiff damages representing lost wages and all sums of money, including retirement benefits and other employment benefits, which the Plaintiff would have earned has he not been discriminated against together with interest on said amounts; and

j) That this Court award such other and further relief as may be just and equitable.

Respectfully submitted,

/s/ Ronald J. Tomasko

Ronald T. Tomasko, Esquire
Attorney I.D. No. PA 61190
Tomasko & Koranda, P.C.
6 N. Frederick Street
Mechanicsburg, PA 17055
(717) 428-8200
(717) 428-9500
rtt@t-klaw.com
Attorney for the Plaintiff,
Luis Rosa

Date: March 31, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS ROSA, | : | |
| Plaintiff, | : | |
| v. | : | No. No. 1:19-cv-01452-SHR |
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF CORRECTIONS, | : | |
| | : | Judge Sylvia Rambo |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 1st day of April 2020, I caused the foregoing First Amended Complaint to be filed via ECF and that Allison C. Deibert, Deputy Attorney General, is a filing user under the ECF system. Upon electronic filing of a pleading or other document, the ECF system will automatically generate and send a Notice of Electronic Filing to all filing users associated with this case. Electronic service by the Court of the Notice of Electronic Filing constitutes service of the filed document and no additional service upon the filing user is required.

Allison C. Deibert, Esquire
Deputy Attorney General
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120

Ronald T. Tomasko, Esquire
Attorney for Defendant
TOMASKO & KORANDA, P.C
6 N. Frederick Street
Mechanicsburg, Pennsylvania 17055
Telephone: (717) 428-8200
Facsimile: (717) 458-9500
Email: rtt@t-klaw.com
P.A. I.D. No. 61190

4