# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS ROSA, | : | |
| Plaintiff | : | No. 1:19-CV-1452 |
| | : | |
| v. | : | Judge Rambo |
| | : | |
| COMMONWEALTH OF | : | Electronically Filed Document |
| PENNSYLVANIA DEPARTMENT | : | |
| OF CORRECTIONS, | : | *Complaint Filed 08/21/19* |
| Defendants | : | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, the Commonwealth of Pennsylvania, Pennsylvania Department of Corrections ("DOC"), by and through undersigned counsel, hereby submits this Answer with Affirmative Defenses to Plaintiff's Amended Complaint:

## I. JURISDICTION

1. This paragraph states a legal conclusion to which no responsive pleading is required. To the extent this paragraph is deemed to contain factual averments, the averments are denied.

2. This paragraph contains a statement of jurisdiction and a legal conclusion to which no responsive pleading is required. To the extent this paragraph is deemed to contain factual averments, the averments are denied.

3. This paragraph contains a statement of venue and a legal conclusion to which no responsive pleading is required. To the extent this paragraph is deemed to contain factual averments, the averments are denied.

## II. PARTIES

4. Admitted in part, denied in part. It is admitted only that Plaintiff, Luis Rosa, is an adult individual. The remaining allegations set forth in this paragraph are denied. By way of further answer, the Defendant is unaware of where Plaintiff currently resides and, therefore, this allegation is denied.

5. Admitted.

6. Admitted.

7. Denied. This paragraph states conclusions of law to which no response is required. To the extent that this paragraph is deemed to contain factual averments, those factual averments are denied.

## III. ADMINISTRATIVE PREREQUISITES

8. Denied. This paragraph states conclusions of law to which no response is required. To the extent that this paragraph is deemed to contain factual averments, those factual averments are denied. By way of further response, this paragraph refers to a written document, which speaks for itself. If supporting documentation is located warranting amendment or supplementation to this Answer, Defendant reserves the right to amend this response.

9. Denied. This paragraph states conclusions of law to which no response is required. To the extent that this paragraph is deemed to contain factual averments, those factual averments are denied. By way of further response, this paragraph refers to a written document, which speaks for itself. If supporting documentation is located warranting amendment or supplementation to this Answer, Defendant reserves the right to amend this response.

10. Denied. This paragraph states conclusions of law to which no response is required. To the extent that this paragraph is deemed to contain factual averments, those factual averments are denied. By way of further response, this paragraph refers to a written document, which speaks for itself. If supporting documentation is located warranting amendment or supplementation to this Answer, Defendant reserves the right to amend this response.

11. Denied. This paragraph states conclusions of law to which no response is required. To the extent that this paragraph is deemed to contain factual averments, those factual averments are denied. By way of further response, this paragraph refers to a written document, which speaks for itself. If supporting documentation is located warranting amendment or supplementation to this Answer, Defendant reserves the right to amend this response.

**IV. EQUITABLE RELIEF**

12. Denied. This paragraph contains prayers for relief and states a conclusion of law to which no response is required. To the extent a response is necessary, the allegations of this paragraph are denied because the Plaintiff is not entitled to any relief or damages, monetary or otherwise, and Defendant demands strict proof of all of Plaintiff's allegations thereof.

V. **JURY TRIAL DEMAND**

13. This paragraph contains a prayer for relief to which no response is required. To the extent a response is necessary, this paragraph is denied because the Plaintiff is not entitled to any relief or damages, monetary or otherwise, and Defendant demands strict proof of all of Plaintiff's allegations thereof.

VI. **FACTUAL ALLEGATIONS**

14. Denied. After a reasonable investigation, Defendant is without sufficient information to admit or deny this paragraph; therefore, the allegation is denied.

15. Denied. After a reasonable investigation, Defendant is without sufficient information to admit or deny this paragraph; therefore, the allegation is denied.

16. Denied. This paragraph is a conclusion of law to which no response is required.

17. Admitted.

18. Denied.

19. Denied. After a reasonable investigation, Defendant is without sufficient information to admit or deny this paragraph; therefore, the allegation is denied.

20. Denied. After a reasonable investigation, Defendant is without sufficient information to admit or deny this paragraph; therefore, the allegation is denied.

21. Admitted in part, denied in part. It is admitted only that by letter dated April 25, 2018, Plaintiff's services as Deputy Secretary were no longer required. The remainder of this paragraph is denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied. After a reasonable investigation, Defendant is without sufficient information to admit or deny this paragraph; therefore, the allegations are denied.

27. Denied. After a reasonable investigation, Defendant is without sufficient information to admit or deny this paragraph; therefore, the allegations are denied.

28. Denied.

29. Denied. This paragraph states conclusions of law to which no response is required. To the extent that this paragraph is deemed to contain factual averments, those factual averments are denied.

30. Denied. This paragraph states conclusions of law to which no response is required. To the extent that this paragraph is deemed to contain factual averments, those factual averments are denied.

### VII. CAUSE OF ACTION

**CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000e-2(a), 3(a)**
**Termination on Account of National Origin and/or Retaliation**

31. The previous paragraphs numbered 1 through 28 are incorporated herein as though set forth at length.

32. Denied. This paragraph states conclusions of law to which no response is required. To the extent that this paragraph is deemed to contain factual averments, those factual averments are denied.

33. Denied. This paragraph states conclusions of law to which no response is required. To the extent that this paragraph is deemed to contain factual averments, those factual averments are denied.

WHEREFORE, the final unnumbered paragraphs contain prayers for relief and legal conclusions to which no response is necessary. To the extent a response

is necessary, the allegations of this paragraph are denied because the Plaintiff is not entitled to any relief or damages, monetary or otherwise, and Defendant demands strict proof of all of Plaintiff's factual allegations thereof.

## AFFIRMATIVE DEFENSES

In addition to the denials set forth above, Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

If Defendant violated any rights of the Plaintiff, which is specifically denied, such violations were not arbitrary, willful, intentional, malicious, wanton or reckless.

## THIRD AFFIRMATIVE DEFENSE

Defendant is immune from liability by virtue of absolute, qualified, official, governmental, state, sovereign or any other immunity.

## FOURTH AFFIRMATIVE DEFENSE

Prior to filing the current action Plaintiff, in whole or in part, failed to properly exhaust the appropriate administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE

Parts or all of Plaintiff's action may be barred by the applicable Statute of Limitations.

## SIXTH AFFIRMATIVE DEFENSE

Prior to filing this action Plaintiff failed to take reasonable steps to mitigate any damages which Plaintiff may have been entitled to and therefore is not entitled to any damages under this action.

## SEVENTH AFFIRMATIVE DEFENSE

At no time has Defendant, either individually or in concert with others, deprived or sought to deprive Plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States or this Commonwealth.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint makes claims for damages, some or all of which are not or may not be legally cognizable or compensable under the applicable law.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrines of res judicata and/or collateral estoppel.

## TENTH AFFIRMATIVE DEFENSE

All decisions regarding Plaintiff were based upon legitimate business reasons, none of which violated the United States Constitution, federal law, or Pennsylvania laws.

Defendant reserves the right to assert additional Affirmative Defenses, as appropriate, as this case moves forward.

                                           **Respectfully submitted,**

                                           **JOSH SHAPIRO**
                                           **Attorney General**

                                  **By:**   *s/ Allison L. Deibert*

|  |  |
|---|---|
|  | **ALLISON L. DEIBERT** |
| **Office of Attorney General** | **Deputy Attorney General** |
| **15th Floor, Strawberry Square** | **Attorney ID 309224** |
| **Harrisburg, PA 17120** |  |
| **Phone: (717) 705-2532** | **KAREN M. ROMANO** |
|  | **Chief Deputy Attorney General** |
| [adeibert@attorneygeneral.gov](mailto:adeibert@attorneygeneral.gov) |  |
| **Date:  April 8, 2020** | **Counsel for Defendant** |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS ROSA, | : | |
| Plaintiff | : | No. 1:19-CV-1452 |
| | : | |
| v. | : | Judge Rambo |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : | Electronically Filed Document |
| | : | |
| | : | *Complaint Filed 08/21/19* |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Allison L. Deibert, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on April 8, 2020, I caused to be served a true and correct copy of the foregoing document titled DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES to the following:

## VIA ELECTRONIC FILING

**Ronald T. Tomasko, Esquire**
**Tomasko & Koranda, PC**
**6 North Frederick Street**
**Mechanicsburg, PA 17055**
**rtt@t-klaw.com**
*Counsel for Plaintiff*

                                    *s/ Allison L. Deibert*
                                    **ALLISON L. DEIBERT**
                                    Deputy Attorney General