**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LUIS ROSA,** | : | **Civil No. 1:19-CV-1452** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case, which comes before us for further consideration of a motion to compel, (Doc. 38), is an employment discrimination lawsuit brought by Luis Rosa, a former official in the Pennsylvania Board of Probation and Parole. In his complaint, Rosa alleges that he was discharged from his position in state government based upon his race and in retaliation for his protesting an inappropriate sexual harassment program conducted in December of 2017 with the approval of the Secretary of Corrections. In the course of discovery, it is alleged that the justification for Rosa's termination was, in part, allegations that he had instructed staff to destroy certain documents. This allegation was investigated by Office of State Inspector General (OSIG) and it is reported that the OSIG concluded that the allegation was

without merit. Viewing the OSIG investigation as being potentially relevant to the issues in this lawsuit, and the question of whether these document destruction allegations were a valid reason for Rosa's termination or a pretextual excuse for some other motivation, the plaintiff issued a subpoena to the OSIG seeking information regarding this investigation. When the OSIG interposed objections to these disclosure, this matter was referred to the undersigned.

We then instructed the parties to provide us with documentation relating to this investigation for our *in camera* review. (Doc. 50). Following that review, on April 22., 2021, we entered an order which provided that: First, as to Documents 10 through 20 listed in the OSIG privilege log, there was no claim of privilege. Instead, the documents were withheld on relevance grounds. While we found that these documents, which consisted primarily of public records, had limited relevance, we believed that there is a sufficient showing of relevance to warrant disclosure of these documents and ORDERED that these documents be produced. Second, Documents 1 through 5 and 7 through 9 were ordered to be produced with the names of the witnesses and complainants redacted. If, upon review, the plaintiff sought disclosure of the identities of these witnesses or complainant, then we instructed OSIG to provide these individuals with notice of this demand so they could lodge any objections based upon their state law privacy interests that were not waived by the OSIG. (Doc. 51).

Following the OSIG's compliance with this instruction, the plaintiff voiced an interest in obtaining the disclosure of the identities of the witnesses and complainant in this matter. These third parties were notified and two individuals— the original complainant and a witness interviewed by OSIG agents Harper and Pentz on June 21, 2017—lodged objections to this disclosure with the court, alleging that they had been assured confidentiality in the course of the OSIG investigation and expressing fear of retribution should this pledge of confidentiality be breached.[1]

Recognizing that the disclosed documents reveal that the OSIG had reported that these complaints lacked merit in September of 2017, months prior to the plaintiff's April 2018 termination,  we believe that the plaintiff has already received the information which would be relevant to any assertion that reliance on the OSIG investigation as the grounds for terminating the plaintiff would have been pretextual. Given the averments made by these two third parties regarding the representations of confidentiality which they had received, in the exercise of our discretion the requests to disclose their identities are DENIED, without prejudice to the plaintiff seeking further disclosures based upon a more fulsome showing of need.

---

[1] One of these third parties also requested that we provide that third party with all court records in this case at either the court or the plaintiff's expense, and noted that if the third party deemed intervention in the lawsuit to be appropriate that third party requested a 120-day continuance of the case. Given our disposition of this matter, these requests are DENIED.

IT IS FURTHER ORDERED that within 10 days from the date of this order the objections of these two individuals shall be filed under seal in the docket of this case, and copies of this order shall be forwarded to these objectors.

So ordered this 20th day of July 2021.



_S/Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge