IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUIS ROSA,** | : | Civil No. 1:19-CV-1452 |
| | : | |
| Plaintiff | : | (Judge Rambo) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA,** | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM ORDER**

**I.    INTRODUCTION**

This case, which comes before us for further consideration of a motion to compel the production of the full text of redacted notes prepared by a state HR official, Matt Stine, (Doc. 70), is an employment discrimination lawsuit brought by Luis Rosa, a former official in the Pennsylvania Board of Probation and Parole. In his complaint, Rosa alleges that he was discharged from his position in state government based upon his race and in retaliation for his protesting an inappropriate sexual harassment program conducted in December of 2017 with the approval of the Secretary of Corrections. Rosa was later conditionally offered another state job before that offer was rescinded. In the course of discovery, Mr. Stine was deposed about these events, and a redacted set of his notes of conversations with other state

officials, including agency counsel, was provided to the defense. However, notes of several conversations between Stine and counsel were redacted based upon claims of attorney client privilege. The motion to compel sought production of these additional notes of these conversations with counsel.

We previously informed the parties that we would decline to adopt any categorical approach to these privilege claims, but instead would conduct an in-camera review of these documents. We have now completed this review and for the reasons set forth below, conclude that the withheld documents are properly embraced by the attorney-client privilege.

## II. DISCUSSION

Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion also extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . ., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United

States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)).  Under the standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion."  Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 2735702, at *1 (D.N.J. Sept. 27, 2010).

In this case, the Commonwealth has resisted producing notes of Mr. Stine's conversations with agency counsel, citing the attorney-client privilege. The attorney-client privilege is meant to facilitate "full and frank communication between attorneys and their clients." Wachtel v. Health Net, Inc., 482 F.3d 225, 231 (3d Cir. 2007).  The privilege "recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." Upjohn v. United States 449 U.S. 383, 389 (1981).  The privilege "applies to any communication that satisfies the following elements: it must be '(1) a communication (2) made between [the client and the attorney or his agents] (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client.'" In re Teleglobe Communications Corp., 493 F.3d 345, 359 (3d Cir. 2007) (quoting the Restatement (Third) of the Law Governing Lawyers § 68 (2000)).  Thus, the privilege reaches "[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance." Fisher v. United States, 425

3

U.S. 391, 403 (1976); see also In re Ford Motor Co., 110 F.3d 954, 965 n.9 (3d Cir. 1997) (communication made by client and an attorney are privileged if made "for the purpose of securing legal advice."); United States v. Amerada Hess Corp., 619 F.2d 980, 986 (3d Cir. 1980).

The privilege applies both to information that the client provides to the lawyer for purposes of obtaining legal advice, as well as to the advice the attorney furnishes to the client. To this end, the Supreme Court has explained that "the privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." Upjohn, 449 U.S. at 390.

While recognizing the value served by the privilege, courts must also be mindful that the privilege obstructs the truth-finding process and should therefore be "applied only where necessary to achieve its purpose." Wachtel, 482 F.3d at 231; see also Westinghouse Elec. Corp. v. Republic of Philippines, 951 F.2d 1414, 1423 (3d Cir. 1991). Therefore, because the purpose of the privilege is to protect and promote the "dissemination of sound legal advice," it applies only to communication conveying advice that is legal in nature, as opposed to where the lawyer is providing non-legal, business advice. Wachtel, 482 F.2d at 231; see also Allendale Mut. Ins. Co. v. Bull Data Sys., Inc., 152 F.R.D. 132, 137 (N.D. Ill. 1993) (stating that the privilege is inapplicable where the legal advice is incidental to business advice);

4

Hardy v. New York News, Inc., 114 F.R.D. 633, 643 (S.D.N.Y. 1987) ("The attorney-client privilege is triggered only by a client's request for legal, as contrasted with business advice . . . .").

Federal courts are further required to assess the application of the privilege on a case-by-case basis. Thus, "Rule 501 [of the Federal Rules of Evidence] requires the federal courts, in determining the nature and scope of an evidentiary privilege, to engage in the sort of case-by-case analysis that is central to common-law adjudication." Id. at 230; see also Upjohn, 449 U.S. at 386, 396-97; In re Processed Egg Prods. Antitrust Litig., MDL No. 2002, 08-md-2002, 2011 U.S. Dist. LEXIS 120708, at *10-11 (E.D. Pa. Oct. 19, 2011). In addition, the party asserting the privilege bears the burden of providing that it applies to the communication at issue. In re Grand Jury, 603 F.2d 469, 474 (3d Cir. 1979).

Guided by these benchmarks and based upon our individualized review of these unredacted copies of the redacted notes of the conversations between Stine and agency counsel we conclude that these disputed records are privileged. The notes reflect conversations discussing various legal issues. In the course of these communications it appears that legal advice is solicited and received, and many of the communications seem to take place against the backdrop of threatened, impending or pending litigation. Moreover, the notes reflect conversations between agency HR personnel and counsel that post-date the filing of this complaint, a fact

which further bolsters their privileged status as records made in anticipation of litigation. Therefore, in our view the withheld documents are privileged and need not be disclosed.

### III. ORDER

For the foregoing reasons, the plaintiff's motion to compel, (Doc. 70), is DENIED.

So ordered this 8th day of April 2022.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge