IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LUIS ROSA,** | : Civil No. 1:19-CV-1452 |
| **Plaintiff,** | : |
| v. | : |
| **COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF CORRECTIONS, et al.,** | : |
| **Defendants.** | : Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

Before the court is the Report and Recommendation ("R&R") (Doc. 121) submitted by Magistrate Judge Martin C. Carlson concerning cross motions for summary judgment filed by Plaintiff Luis Rosa (Doc. 104) and Defendants Commonwealth of Pennsylvania Department of Corrections ("DOC") and Pennsylvania Parole Board ("Parole Board") (Doc. 111). For the reasons set forth below, the court will adopt the R&R and grant Defendants' motion for summary judgment.

## I. BACKGROUND

Magistrate Judge Carlson's R&R thoroughly details the background of this case (*see* Doc. 121, pp. 2-9) and, therefore, the court will provide an abbreviated version. Plaintiff is a Hispanic male who, in 2017, was employed by the Parole Board as the Director of Reentry and Quality Assurance. In October 2017, a partial merger

1

occurred between the Parole Board and DOC, resulting in Plaintiff becoming the Acting Deputy Secretary for ReEntry within the DOC. Around the same time, an anonymous letter was sent to the DOC alleging that Plaintiff engaged in workplace misconduct, and following an investigation, the Secretary of the DOC, John Wetzel, removed Plaintiff from his post.

In December 2017, while the investigation was ongoing, Wetzel directed that all staff undergo sexual harassment training. The training was conducted on December 13, 2017, and allegedly contained sexually explicit images and material that Plaintiff and others found offensive – so much so that they considered the training itself to be sexual harassment. Plaintiff voiced his concerns to Wetzel, who seemed displeased by the complaint but took no further action.

Approximately four months later, on April 25, 2018, and coinciding with the conclusion of the investigation into Plaintiff's workplace conduct, Wetzel notified Plaintiff by letter that he was being terminated from his role as Acting Deputy Secretary for Reentry as part of a change in leadership.

In early 2019, Plaintiff filed a complaint with the United States Equal Opportunity Employment Commission ("EEOC"), which on January 22, 2019, notified the DOC of the complaint and served it with a Notice of Charge of Discrimination. Plaintiff then filed this instant lawsuit against the DOC alleging race discrimination and retaliation in violation of 42 U.S.C. § 2000e-2(a), 3(a).

Concurrently, Plaintiff sought employment with other state entities between 2019 and 2021, including with the Parole Board and the Department of State, to no avail, allegedly in retaliation for voicing his concerns about the sexual harassment training. In August 2020, Plaintiff filed a complaint with the EEOC against the Parole Board, which issued him a notice of right to sue in September 2020. Plaintiff then filed suit against the Parole Board for retaliation, and thereafter successfully moved to consolidate the two cases in September 2021. (Docs. 59-62.)

It is against this backdrop that the parties filed cross motions for summary judgment.[1] (Docs. 104, 111.) In his R&R addressing these motions, Magistrate Judge Carlson recommends that the court grant the DOC's motion in its entirety and close this case. Specifically, he recommends that the motion be granted as to the race discrimination claim against the DOC because Plaintiff failed to produce any evidence of a causal link between his race and his termination. (Doc. 121 at pp. 19-20.)  Instead, he relied on several instances where racial remarks were made by certain individuals within the Parole Board as evidence of race discrimination generally, but those remarks were temporally remote to his termination and were not made by individuals within the DOC or by decision makers. (Doc. 121, at p. 19.) Magistrate Judge Carlson also recommends that the court grant the motion with

---

[1] Plaintiff moved for summary judgement as to the retaliation claim against the Parole Board and partial summary judgment as to the retaliation claim against the DOC.

respect to the retaliation claims against the DOC, explaining that the only evidence of retaliation produced by Plaintiff was hearsay and too temporally remote from the adverse employment action to infer causation. (Doc. 121, at pp. 20-22.)

Plaintiff has filed objections to the R&R, and Defendants have filed a response to those objections. (Docs. 122, 124.) The matter is thus fully briefed and ripe for resolution.

## II. STANDARD OF REVIEW

When objections are timely filed to a magistrate judge's report and recommendation, the district court must conduct a de novo review of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Univac. Dental Co. v. Dentsply, Intern.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citations omitted). Regardless of whether objections are made, the district

4

court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); L.R. 72.31.

## III.  DISCUSSION

Plaintiff's primary objection to the R&R is that Magistrate Judge Carlson erred in granting summary judgment as to the race discrimination and retaliation claims against the DOC. (Doc. 122, at p. 12.) However, Plaintiff does not provide substantive arguments supporting this position but instead primarily restates and reargues positions he previously presented in his briefing. Since mere disagreement with a report and recommendation is not a basis to decline to adopt it, the court construes the objections as general objections, and thus is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-cv-0850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009). The court finds no such error or injustice here, and thus will adopt it with respect to the race discrimination and retaliation claims against the DOC.

Plaintiff also objects to the R&R on the basis that it does not directly address his retaliation claim against the Parole Board and, therefore, Plaintiff argues that the parties should proceed to trial on that claim. (Doc. 122, at p. 22.) While it is true that the R&R refers to a singular "Defendant" and does not expressly address the retaliation claim against the Parole Board, it is obvious that it was a mere oversight

resulting from the consolidation of the two cases.[2] Because Defendants have moved for summary judgment on all claims—including the retaliation claim against the Parole Board—the court will consider the arguments here.

In the motion, Defendants argue that summary judgment should be granted against Plaintiff as to his retaliation claim against the Parole board because he has failed to show that the Parole Board retaliated against him by preventing him from obtaining Commonwealth employment due to his complaint regarding the sexual harassment training. In order to establish a Title VII retaliation claim, Plaintiff must show that (1) he engaged in a protected activity; (2) subsequent to participation in the activity, he was subjected to an adverse employment action; and (3) there is a causal connection between the protected employment activity and the adverse employment action. *Marra v. Phila Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007). If Plaintiff has made these showings, then the burden of production shifts to the Parole Board to present a legitimate, non-retaliatory reason for having taken the adverse action. *Id.* If it does so, the burden shifts back to Plaintiff to demonstrate that the Parole Board's proffered reason was pretextual. *Id.*

Plaintiff argues that he engaged in a protected activity when he complained to Wetzel about the content of the sexual harassment training. As Magistrate Judge

---

[2] As noted previously, this case began as two separate actions against the DOC and the Parole Board which were later consolidated. Due to an administrative error, however, the caption of the case was not amended to reflect that the Parole Board is a defendant in this consolidated action.

Carlson noted in his R&R with respect to this claim as against the DOC, it is questionable whether complaints about the *content* of a sexual harassment training would constitute protected activity at all. (Doc. 121.) Even assuming that this is protected activity under Title VII, however, Plaintiff has failed to produce any evidence in the record, aside from inadmissible hearsay, that there is a causal connection between his complaints about the training and his failure to be rehired by the Commonwealth years later. Instead, the record suggests that the Commonwealth's decision not to rehire him related to its investigation into his workplace conduct rather than to any action taken by the Parole Board or its employees. The court will therefore grant Defendants' motion for summary judgment as to this claim.

## IV. CONCLUSION

For the reasons provided above, the court will adopt the R&R in full and grant the motion for summary judgment as to the claims against the DOC and will also grant the motion for summary judgment as to the claim against the Parole Board. An appropriate order shall follow.

/s/ Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

Date: May 9, 2024